UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-14006-CV-DIMITROULEAS

JEFFERY LORENZO HAYNES, JR.,

    Plaintiff,

v.

JAMES VOLPELLETTO,
*et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

This cause is before the Court on Defendants' Motions to Dismiss[1] [DE 30, 42, 45, 54] in which they argued that the Complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies. Plaintiff filed responses [DE 47, 49] arguing that he has filed multiple grievances which satisfy the exhaustion requirement of the Prison Litigation Reform Act. Six of the Defendants have filed a reply [DE 52]. The Motion to Dismiss is now ripe for review. For the reasons expressed below, the Motion to Dismiss is denied.

**I.    BACKGROUND**

Plaintiff, an inmate in the custody of the Florida Department of Corrections, has alleged that Defendants used excessive force against him on May 17, 2018. His complaint was screened pursuant to 28 U.S.C. § 1915(e) and permitted to proceed. After each Defendant was served, they filed the instant Motions to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies.

---

[1] Although there are four motions to dismiss, the grounds argued are identical. The motions were each filed after the individual Defendants had been served with the Complaint.

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007) (retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); *Watts v. FIU*, 495 F.3d 1289 (11th Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555–56. The rules of pleading require only a short and plain statement of the claim showing that the pleader is entitled to relief and the Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

### B.  PLRA Exhaustion Requirement

Under the Prison Litigation Reform Act ("PLRA"), an inmate may not bring a § 1983 action until administrative remedies, as are available, are exhausted. *See* 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, including those that raise excessive force claims, and the inmate who alleges harm suffered from prison conditions must file

a grievance and exhaust the remedies available under a state or jail's grievance procedures as a prerequisite to a federal § 1983 action. *See Johnson v. Meadows*, 418 F.3d 1152, 1155–56 (11th Cir. 2005). Further, the PLRA requires "proper exhaustion," which demands compliance with a state's deadlines and other procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91, 93 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA entirely eliminates judicial discretion and instead mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Further, the Supreme Court has repeatedly reaffirmed that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524).

### III. DISCUSSION

In the Motion to Dismiss, Defendants argue that Plaintiff has not exhausted the available administrative remedies. Defendant has provided exhibits to the Motion including an affidavit of Alan McManus (Bureau Chief of Bureau of Policy Management and Inmate Appeal), a list of Plaintiff's grievances, and the actual grievances filed by Plaintiff [DE 30-1 to 30-21]. Defendants contends these records establish that, although Plaintiff filed numerous grievances, he failed to properly exhaust the available administrative remedies.

In his response Plaintiff contends that he exhausted the administrative remedies and identifies informal grievance number 510-1805-0219 as the vehicle by which he exhausted those remedies. [DE 47 at 1]. Plaintiff notes that this informal grievance was approved on May 30, 2018, when his complaint was referred to the security for appropriate action. *Id*.

The grievance procedures promulgated by the Florida Department of Corrections ("FDOC") require an inmate to (1) file an informal grievance to the staff member responsible for the particular area of the problem, *see* Fla. Admin. Code Ann. r. 33-103.005; (2) file a formal grievance with the warden's office, *see id.* at r. 33-103.006; and (3) submit an appeal to the Office of the Secretary of the FDOC, *see id.* at r. 33-103.007. *Parzyck v. Prison Health Serv., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010); *Dimanche v. Brown,* 783 F.3d 1204, 1211 (11th Cir. 2015). "To exhaust these remedies, prisoners ordinarily must complete these steps in order and within the time limits set forth in § 33-103.011 and must either receive a response or wait a certain period of time before proceeding to the next step." *Pavao v. Sims*, 679 F. App'x 819, 824 (11th Cir. 2017).

Informal grievances must be received by the institution within 20 days of when the incident or action being grieved occurred, unless the inmate requested an extension. Fla. Admin. Code Ann. 33-103.011(1)(a). For formal grievances, the form must be received by the institution no later than 15 calendar days from either the incident or the date of the response to the informal grievance, depending on what route the formal grievance is following. *Id.* r. 33-103.011(1)(b). The inmate's appeal to the Office of the Secretary "[m]ust be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate." *Id.* r. 33-103.011(c).

The issue of exhaustion is properly raised in a motion to dismiss. *See Bryant v Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (noting that the exhaustion defense is not ordinarily the proper subject for a summary judgement, instead it should be raised in a motion to dismiss); *Myles v Miami Dade Cnty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) (concluding that a question of exhaustion under the PLRA raised as a defense is a threshold matter which the court must address before the merits of the case, and the use of the summary judgement procedural

framework is inappropriate for consideration of whether the inmate/plaintiff's administrative remedies were properly exhausted).

When deciding whether a prisoner has exhausted his remedies, the court should engage in a two-step process. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court must consider the plaintiff's and the defendant's version of the facts; and, if they conflict, take the plaintiff's version of the facts as true. *Id*. "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing *Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *See id.*; *see also Myles,* 476 F. App'x. at 366.

Under the two-step process set forth in *Turner*, the Court finds that there is no dispute that Plaintiff filed multiple grievances. Although he filed multiple grievances only one of those grievances directly referred to the incident that provides the basis for the Complaint. On May 21, 2018, Plaintiff filed an informal grievance stating that on May 17, 2018, he was attacked by ten to twelve officers at Martin Correctional Institution. In conclusion Plaintiff stated, "Solution! Approve my grievance. Investigate this matter to its fullest so I can get closure." This informal grievance was stamped received on May 22, 2018. Plaintiff received a response on May 30, 2018. The response stated:

> Your Informal Grievance has been received, reviewed, and evaluated. The issue of your complaint has been referred to Security for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. BE ADVISED THIS MAY OR MAY NOT RESULT IN A PERSONAL INTERVIEW WITH YOU. As action has been initiated, you may consider your informal grievance APPROVED from that standpoint. **This does not constitute substantiation of your allegations.**

[DE 30-9 at 3] (emphasis in original). Shortly thereafter, on June 20, 2018, Plaintiff filed a Request for Administrative Remedy or Appeal which referenced the May 17, 2018 incident. [DE 30-9 at 5-6]. The response stated:

> Your appeal has been reviewed and evaluated. The subject of your grievance was previously referred to the Office of Inspector General based on informal grievance 510-1805-0219. It is the responsibility of that office to determine the amount and type of inquiry that will be conducted. This inquiry/review may or may not include a personal interview with you. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling. As this process was initiated prior to receipt of your grievance, your request for action by this office is denied. Should you be grieving disciplinary action that is a separate issued and must be initiated at the institutional level and then you may submit an appeal.

[DE 30-9 at 4].

Based on this record, the Court finds that Plaintiff exhausted the FDOC administrative grievance process. It is undisputed that his grievance was filed just four days after the incident and that the reply he received expressly stated that the informal grievance was approved. The response to the informal grievance gave no indication that Plaintiff should appeal. Thus, Petitioner has exhausted his FDOC administrative remedies when his informal grievance was granted. *Whatley v. Smith,* 898 F.3d at 1072, 1080 (11th Cir. 2018) (citations omitted).

Further, "[D]istrict courts may not enforce a prison's procedural rule to find a lack of exhaustion after the prison itself declined to enforce the rule." *Whatley v. Smith,* 898 F.3d 1072, 1080 (11th Cir. 2018) (citation omitted). That is exactly what Defendants are attempting to do here. Defendants cannot argue now that Plaintiff's Grievance Appeal did not satisfy the exhaustion requirement where the prison facility's response did not explicitly rely on this purported procedural deficiency when rejecting the claim. *See Whatley,* 898 F.3d at 1084 (holding that "a prison waives its procedural objections to considering the merits of a grievance, and therefore waives its exhaustion defense, if it does not *explicitly* rely on the grievance's procedural shortcomings as an

adequate and independent ground for denying the grievance at the administrative level") (emphasis in original)).

Although Plaintiff then filed a formal grievance which was construed as an appeal of the informal grievance, nothing in the FDOC administrative grievance process required Plaintiff to seek an appeal of an approved informal grievance. The response to the formal grievance essentially indicated that the grievance had already been acted upon and instructed Plaintiff that if he was grieving a disciplinary issue that he should file a grievance at the institutional level. Because the informal grievance was approved there was nothing for Plaintiff to appeal and he has complied with the FDOC deadlines and rules.

As noted above, the PLRA requires compliance with a state's deadlines and other procedural rules. *See Woodford*, 548 U.S. at 90–91, 93. Here Plaintiff filed a timely informal grievance regarding the May 17, 2018 incident and receive a reply indicating that his grievance was approved. When he filed a formal grievance, he was advised that his grievance had already be acted upon by referral to the Inspector General's office. Under these facts, Plaintiff has complied with the FDOC administrative procedures and properly exhausted his claim against the Defendants. *See Luckey v. May*, No. 5:14-cv-315-MW-GRJ, 2016 WL 1128426, at *11 (N.D. Fla. Feb. 17, 2016) (concluding plaintiff properly exhausted where referral of plaintiff's grievances initiated Inspector General Office's investigation); and *Lanier v. Smith*, No. 3:08-cv-833-J-12JRK, 2009 WL 1758904, at *1 (M.D. Fla. June 19, 2009) (same).

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Motions to Dismiss [DE 30, 42, 45, 54] are **DENIED**.
2. The Defendants are directed to file an Answer to this Complaint within **twenty days** of the issuance of this order.

3. The Clerk of the Court is directed to **mail a copy of this order to Plaintiff at his address of record.**

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 13th day of April, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jeffery Lorenzo Haynes, Jr., *Pro Se*
DC#K72806
Blackwater Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, FL 32583

Christopher Kondziela, Ass't Atty'y Gen.
Office of the Attorney General
110 S.E. 6th Street, 10th Floor (Civil)
Fort Lauderdale, FL 33301
Email: Christopher.Kondziela@myfloridalegal.com